Morphy, J.
The petitioner having bought two young mulatto girls, Amelia and Cidaiyse, at a probate sale of the succession of the late Jean Baptiste Lagarde, caused herself to be appointed curatrix ad hoc to these minors, and immediately brought this suit on their behalf, to have them declared free. She alleges, in substance, that the deceased, J. B. Lagarde, several years ago placed in her hands these girls, declaring to her that they were free, and that they were his. natural children ; that according to his wishes she raised them in the best manner she could, and acted towards them as a mother; that, in June, 1829, Lagarde purchased Amelia with her mother, who was a slave, for the purpose of emancipating them, as he repeatedly declared to a number of persons, and that since this purchase he had, by *324 the same mother, the other child Cidalyse; that a short time after, the mother of these children died in New Orleans, since which time, up to the time of his death, in 1840, the said Lagarde suffered these children to remain in the full enjoyment of their freedom, and placed them under the care of various persons of trust, uniformly declaring them to be free persons; that by these acts and doings of their natural father, and by their enjoyment of their liberty during more than ten years, these children have acquired their freedom; and that she (the petitioner) purchased them at auction, for the purpose of testing their right to be set free. By a supplemental petition, the two minor children of Jean Baptiste Lagarde were made parties defendants to this suit, through their natural tutrix, Athenais Dimitry, the widow of the deceased. Some exceptions taken to the plaintiff’s right to sue, having been overruled, the curator of the estate and the heirs pleaded the general issue ; and averred, that Amelia and Cidalyse were the children of a slave named Adelaide, whom Lagarde purchased from Alexander Cabaret, &c.; the case was tried before a jury, who brought in a verdict in favor of the plaintiffs. A judgment having been accordingly entered up declaring them to be free, the tutrix of the minor heirs of Lagarde alone appealed.
The first question which presents itself is, whether on the appeal of the minor heirs of J. B. Lagarde, and in the absence of their co-defendant Hypolite Gilly, the administrator of the estate, we-can inquire into the correctness of the judgment rendered below in favor of the plaintiffs. It would be perhaps desirable that, in all cases, the same parties should be brought before ns, who were parties to the judgment below, as we have the power to render such judgment, as should, in our opinion, have been given in the court of the first instance. In ordinary suits on contracts for the payment of money, where the judgment is several, no inconvenience or difficulty can result from one defendant appealing and not bringing up his co-defendants ; b.ut in cases of warranties, partitions, &c., the propriety of joining in the appeal all the parties to the suit below, is apparent. As a general rule we have long since held, that he who appeals must bring before us all the parties, contradictorily with whom the judgment complained of was rendered, and who have an interest
*325 that it should remain undisturbed. It may be said, that the present case does not come within the rule, because the judgment appealed from is against Hypolite Gilly, as curator of the estate of J. B. Lagarde, and that he has, as well as the appellants, an interest that it should be reversed. This is true ; but the question involved in this controversy is liber vel non ; the demand of the petitioners is indivisible; the judgment, therefore, that has been rendered upon it is joint as against the several defendants ; it cannot stand as to one of them, and be reversed as to the others. When a party against whom a judgment is rendered fails to-appeal from it within the legal delays, such judgment acquires the force of res judicata, and can no longer be inquired into or disturbed. Now more than three years have elapsed since the rendition of the judgment in this suit. Hypolite Gilly, was the legal representative of the succession of Jean Baptiste La-garde. This suit could have been brought, as it originally was, against him alone. The judgment then obtained by the plaintiffs has became final against the estate, and all those claiming under it. The record does not show whether the appellants have accepted the succession of their father, J. B. Lagarde ; but whether they have or not, they could accept it only with the benefit of inventory. As beneficiary heirs, they are entitled only to the residue of the estate, after the payment of all its debts. Civ. Code, art. 1051. This residuary interest gives them no right to represent the estate which is under the administration of Gilly, their co-defendant; and their separate appeal has not had the effect of preventing the judgment below, from becoming final against the estate of Jean Baptiste Lagarde. The appellants in their own right, set up no claim to the plaintiffs as their slaves. Whatever interest they may have in relation to them, is derived from the succession of their father, as his beneficiary heirs. If the judgment below has become final so that the estate can no longer set up any claim to the plaintiffs as slaves, it is clear that the appellants are without any right to do so. Under this view of the matter, and as the case stands before us, we are unable to perceive what relief we can afford in the premises. Dumas et al. v. Lefebvre et al. 10 Robinson, 399.

A-ppeal dismissed.